UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL SANCHEZ AVALOS,<br><br>                                        Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, et al.,<br><br>                                        Respondents. | Case No.: 3:25-cv-02906-CAB-VET<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 1]** |

Before the Court is Petitioner Fidel Sanchez Avalos' ("Petitioner") petition for a writ of habeas corpus ("Petition"). [Doc. No. 1.] Respondents filed a response to the Petition and the Petitioner filed a traverse. [Doc. Nos. 6, 7.] The Court finds this matter suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the reasons described below, the Court **GRANTS** the writ of habeas corpus.

## I.    BACKGROUND

Petitioner, a Mexican national, entered the United States without being admitted, paroled, or inspected. [Doc. No. 1 at 5.] Petitioner states, and Respondents do not dispute, that in November 2012 Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") at his home, given a Notice to Appear, and released on an Order of Recognizance. [*See id.* at 5–6; Doc. No. 1-2 at 1; Doc. No. 1-4 at 1; Doc. No. 6 at 2.]

Petitioner's removal proceedings were administratively closed on August 9, 2013. [Doc. No. 1 at 6.] More than a decade later, the Government re-calendared Petitioner's removal proceedings for October 9, 2025, at which time the immigration judge scheduled Petitioner for a master calendar hearing on January 26, 2026. [*Id.*; *see also* Doc. No. 1-2 at 1.] ICE detained Petitioner as he left his October 9, 2025 hearing. [*Id.*]

## II. LEGAL STANDARD

A writ of habeas challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to aliens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Valencia Zapata*, the Northern District of California granted a temporary restraining order for a group of aliens who were detained by U.S. immigration officials, released on their own recognizance, and then re-detained by ICE without explanation. 2025 WL 2578207, at *2. The court held that the petitioners had a protectable liberty in remaining out of custody and thus had to be given notice and a hearing prior to being taken back into custody. *Id.* at *3. The operative facts here are identical. Immigration officials apprehended Petitioner over a decade ago, released Petitioner on his own recognizance, and then re-detained Petitioner last month without notice or a hearing, which violates the due process to which he is entitled.

## IV. CONCLUSION

The Court **GRANTS** the writ for habeas corpus. Respondents are **ORDERED** to immediately release Petitioner from custody under the same conditions as his previous order of release on recognizance. Respondents are further **ENJOINED** from re-detaining him for any purpose without notice and a pre-detention hearing before a neutral decisionmaker.

It is **SO ORDERED**.

Dated: November 24, 2025

Hon. Cathy Ann Bencivengo
United States District Judge